PROFESSIONS AND OCCUPATIONS
The Polygraph Examiners Act (59 O.S. 1451 [59-1451] — 59 O.S. 1456 [59-1456] (1971)) does not permit the use of a Psychological Stress Evaluation device, as defined herein, without meeting the requirements of 59 O.S. 1454 [59-1454] (1971), for the purpose of detecting deception or verifying truth within the State of Oklahoma. Further, the recording of an interrogation or conversation within the State of Oklahoma which is subsequently sent or otherwise transmitted out of the state for Psychological Stress Evaluation device analysis is not specifically prohibited. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: 1. Does the Polygraph Examiners Act (59 O.S. 1451 [59-1451]) permit the exclusive use of Psychological Stress Evaluation devices (PSE) in Oklahoma for the purpose of detecting deception or verifying truth of statements. 2. Does Oklahoma law permit the recording of an interrogation or conversation within the State of Oklahoma which is subsequently sent or otherwise transmitted out of state for Psychological Stress Evaluation device analysis? In your letter, you state that the Psychological Stress Evaluator is essentially an instrument designed to detect deception or to verify the truth of statements. You state that the device records only the voice of the person being tested and traces on a chart the frequency modulations of that person's voice. Further, you state that in theory, a trained examiner can then analyze the presence or absence of stress in the tested person's answers to the questions and, interpreting the results, presumably reach an opinion as to the truthfulness of the person being tested. In order to ascertain whether or not the Polygraph Examiners Act (59 O.S. 1451 [59-1451] — 59 O.S. 1476 [59-1476] (1971)) affects the use of the Psychological Stress Evaluator, as defined within your letter, it is first necessary to determine whether or not the instrument falls within the scope of the Act. Title 59 O.S. 1452 [59-1452] (1971) defines the purpose of the Act as follows: "It is the purpose of this Act to regulate all persons who purport to be able to detect deception or to verify truth of statements through the use of instrumentation (as lie detectors, polygraphs, deceptographs, and/or similar or related devices and instruments without regard to the nomenclature applied thereto) and this Act shall be liberally construed to regulate all such persons and instruments. No person who purports to be able to detect deception or to verify truth of statements through instrumentation shall be held exempt from the provisions of this Act because of the terminology which he may use to refer to himself, to his instrument, or to his services." It is apparent from a plain reading of the above-cited statute, as compared to the definition of the Psychological Stress Evaluator as contained within your letter, that the same does fall within the scope of the Polygraph Examiners Act. With regard to whether or not the exclusive use of the instrument is permitted under Oklahoma law, it is observed that 59 O.S. 1454 [59-1454] (1971), provides that: "Any instrument used to test or question individuals for the purpose of detecting deception or verifying truth of statements shall record visually, permanently and simultaneously; 1. A subject's cardiovascular pattern and 2. A subject's respiratory pattern. Patterns of other psychological changes in addition to 1. and 2. may also be recorded. The use of any instrument or device to detect deception or to verify truth of statements which does not meet these minimum instrumentation requirements is hereby prohibited and the operation or use of such instrument shall be subject to penalties and may be enjoined in the manner hereinafter provided." In your letter, you stated that the Psychological Stress Evaluator records only the voice of the person being tested and traces on a chart the frequency modulations of that person's voice. The Psychological Stress Evaluator, according to your letter, does not record visually, permanently, and simultaneously either the subject's cardiovascular pattern or the subject's respiratory pattern; therefore, it is apparent from the plain reading of 59 O.S. 1454 [59-1454] (1971) that the use of the Psychological Stress Evaluator, as defined within your letter, without the benefit of additional instruments which would record visually, permanently and simultaneously the subject's cardiovascular pattern and respiratory pattern, is prohibited under Oklahoma law. In response to your second question, you are advised that a search of the statutes of the State of Oklahoma reveals no prohibition of the voluntary recording of conversation or interrogation. Further, Oklahoma law has no controlling effect on the use of the Psychological Stress Evaluator, or any other instrument designed to detect deception, in another state. It is, therefore, the opinion of the Attorney General that the Polygraph Examiners Act (59 O.S. 1451 [59-1451] — 59 O.S. 1476 [59-1476] (1971)) does not permit the use of a Psychological Stress Evaluation device, as defined herein, without meeting the requirements of 59 O.S. 1454 [59-1454] (1971), for the purpose of detecting deception or verifying truth within the State of Oklahoma. Further, the recording of an interrogation or conversation within the State of Oklahoma which is subsequently sent or otherwise transmitted out of the state for Psychological Stress Evaluation device analysis is not specifically prohibited. (LARRY D. BARNETT)